IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

MARCUS L. JONES,

       Petitioner,

v.                                       Case No. 1:20-cv-00426

WARDEN C. MARUKA,
FCI McDowell,

       Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Marcus L. Jones ("Jones"). (ECF No. 1). Respondent has filed a response to the petition requesting that it be dismissed. (ECF No. 7). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

I.      **Factual and Procedural History**

Jones is a federal inmate housed at FCI McDowell in Welch, West Virginia. A search of the Inmate Locator on the Federal Bureau of Prisons website reflects that Jones's projected release date is December 8, 2025.

### A.    Proceedings in the Sentencing Court

On August 11, 2017, Jones was convicted in the United States District Court for the Northern District of California of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Jones*, No. CR17-00164 (N.D. Cal. Aug. 11, 2017); *also* (ECF No. 7-2). On November 3, 2017, Petitioner was sentenced to 120 months of imprisonment, followed by three years of supervised release. (ECF No. 7-5). Jones filed an appeal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"), but the appeal was dismissed for failure to prosecute. (ECF No. 7-4). Jones did not file a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.

### B.    Proceedings in this Court

On June 22, 2020, Jones filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his federal firearms conviction based on the Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). (ECF No. 1). According to Jones, the decision in *Rehaif* renders his conviction invalid, because it requires the United States to prove four elements of a § 922(g) charge, and the United States only proved three elements in his case. (*Id.* at 3). Pointing to the indictment and the transcripts of his plea and sentencing hearings, Jones argues that the United States never charged, alleged, or proved that he knew he was a felon, the fourth element required by *Rehaif.* (*Id.* at 2–3). Jones contends that, because he had a prior felony conviction, the Government merely assumed that he knew he was a felon, but never established his knowledge beyond a reasonable doubt. (*Id.* at 15).

In his petition, Jones acknowledges that, ordinarily, challenges to the validity of a conviction must be brought under § 2255 in the court of conviction, but he maintains that

the savings clause of § 2255(e) allows his claim to be heard in this court. Relying on the decision of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), Jones contends that his claim is properly brought in a § 2241 petition because § 2255 is inadequate or ineffective to test the legality of his detention. (*Id.* at 2–3). Going through what he considered to be the four prongs of *Wheeler*, Jones asserts that his conviction was valid at the time of its imposition; that subsequent to his appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted was no longer deemed to be criminal; that he cannot overcome the gatekeeping provisions of § 2255, because *Rehaif* announced a change of statutory interpretation, rather than a new rule of constitutional law; and his conviction was sufficiently grave to constitute a fundamental defect. (ECF No. 1 at 10-15).

On June 26, 2020, the undersigned issued an order directing the Respondent to answer or otherwise respond to Jones's petition. (ECF No. 5). Respondent filed a response in opposition to the petition on August 25, 2020. (ECF No. 7). In his brief, Respondent argues that Jones's petition is not properly brought under § 2241 because the savings clause does not apply to his claim. (*Id.* at 4–6). Respondent asserts that the court should apply the three-pronged test set forth in *In re Jones,* 226 F.3d 328 (4th Cir. 2000), rather than the *Wheeler* test. (*Id.*). He contends that Jones cannot meet all three prongs of the test, because the second prong of the *In re Jones* test requires the petitioner to have already filed a § 2255 motion, which Jones did not do in his case. Moreover, Respondent claims, the second prong requires Jones to demonstrate that a change in the substantive law rendered the criminal conduct for which he was convicted to no longer be criminal. Citing to several cases from courts in the Fourth Circuit, Respondent points out that being a felon in possession of a firearm remains criminal. (ECF No. 7 at 4-7). Respondent

3

adduces that because Jones is precluded from pursuing his claim under § 2241, the court

should dismiss the petition, or transfer it to the Northern District of California. (*Id.* at 7).

On August 31, 2020, the undersigned entered an Order providing Jones with sixty

days to reply to Respondent's request for dismissal of the petition. (ECF No. 8). The time

allowed for Jones to file his reply has long since expired, and he has not submitted a reply.

Therefore, this matter is ready for disposition.

## II.    Standard of Review

Respondent requests that Petitioner's § 2241 petition be dismissed or transferred

to Jones's court of conviction. (ECF No. 7 at 1). Respondent does not articulate under

which rule's authority he seeks dismissal but presumably this request is made pursuant

to Federal Rule of Civil Procedure 12(c), as Respondent filed a Response concurrently

with his motion to dismiss. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). When

deciding a motion for judgment on the pleadings under Rule 12(c), the court must accept

all well-pleaded allegations of the petition as true and "draw all reasonable factual

inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir.

2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not

obliged to accept allegations that 'represent unwarranted inferences, unreasonable

conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice

or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523,

529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a

federal habeas case must consider "the face of the petition and any attached exhibits."

*Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted);

*also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that the

court "may also consider documents attached to the complaint … as well as those attached

to the motion to dismiss, so long as they are integral to the complaint and authentic."). In addition, the court may consider "matters of public record," including documents from prior or pending court proceeding when resolving the motion, without converting it into a motion for summary judgment. *Walker*, 589 F.3d at 139.

### III.    Discussion

Jones contends that his conviction for possession of a firearm and ammunition should be overturned in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif,* the Supreme Court considered whether under 18 U.S.C. § 922(g), which prohibits certain individuals from possessing firearms and ammunition, the government must prove that an individual knew both (1) that he engaged in the prohibited conduct of possessing a firearm, and (2) that he had obtained the relevant status which made his possession of the firearm illegal. *See* 139 S. Ct. 2191, at 2194. In contravention to this Circuit's prior precedent, *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995), the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333

(stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, in the context of a challenge to the validity of a conviction, the savings clause creates a narrow opening for a petitioner to file a § 2241 petition when his claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria.[1] *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Jones claims that his conviction should be set aside, because the United States failed to prove an essential element of the charge against him. (ECF No. 1 at 6). Consequently, his claim must be brought under 28 U.S.C. § 2255, unless he can

---

[1] Because Jones is challenging the validity of his conviction, rather than the calculation of his sentence, the three-pronged test set forth in *In re Jones* applies.

show that the savings clause applies to his petition. Satisfaction of the savings clause requirements is jurisdictional, and if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

Looking at the three prongs of *In re Jones,* the undersigned **FINDS** that Jones satisfies the first and third prongs of the test, but simply cannot meet the second prong, which requires him to show that "the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. When evaluating a habeas petition under the savings clause, the court applies the substantive law of the circuit in which the petitioner was convicted, and the procedural law of the circuit in which the petitioner is incarcerated. *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). As Jones was convicted in California and is housed in West Virginia, the substantive law of the Ninth Circuit and the procedural law of the Fourth Circuit will be used.

With respect to the first prong of *In re Jones,* at the time Jones was convicted, settled law of the Ninth Circuit established the legality of his conviction. *See United States v. Beasley*, 346 F.3d 930, 933–34 (9th Cir. 2003) ("To establish a violation of § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) that the defendant was a convicted felon; (2) that the defendant was in knowing possession of a firearm; and (3) that the firearm was in or affecting interstate commerce."). As to the third prong, Jones does not satisfy the gatekeeping provisions of § 2255, because the rule announced in *Rehaif* is not one of constitutional law. *See Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020) (holding that "*Rehaif* interpreted a statute and did not invoke any constitutional provision or principle. Nor is *Rehaif* a constitutional rule. … Assuming

without deciding that *Rehaif* also announces a rule that is substantive in nature, *Rehaif* still does not announce 'a new rule of constitutional law' for purposes of filing a second or successive § 2255 motion.").

To meet the second prong of *In re Jones*, however, Jones must establish three elements: (1) that *Rehaif* announced a new rule of substantive law; (2) that the change of law occurred after his appeal and first § 2255 motion; and (3) that the conduct of which he was convicted is now deemed not to be criminal. Jones cannot establish these elements, because the Supreme Court's decision in *Rehaif* did not decriminalize the underlying conduct for which Jones was charged and convicted. In *In re Jones*, after the defendant had already filed one § 2255 motion, the Supreme Court decided a different case which held that Jones's conduct—mere possession of a firearm—did not constitute criminal "use" of a firearm in the statutory context. *In re Jones*, 226 F.3d at 334. Therefore, Jones's conduct was innocent. By contrast, the *Rehaif* Court looked solely at the elements necessary to prove the offense of possession of a firearm by a prohibited person, concluding that the United States had to prove four elements, including that the defendant knew he was a member of a class of individuals statutorily prohibited from possessing firearms. Notably, the Court did ***not*** hold that possession of a firearm by a felon was no longer criminal.

Jones has not identified, and the undersigned has not located, any decision from the Supreme Court or the Ninth Circuit holding that the possession of a firearm by a felon is not criminal. Moreover, several courts within this circuit that have addressed the second prong of *In re Jones* in cases involving petitioners sentenced in other circuits have held that *Rehaif* did not fundamentally alter the criminal nature of the conduct for which Jones was convicted. *See, e.g.*, *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660,

at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) (same), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) (holding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *adopted by* 2019 WL 5616884 (D.S.C. Oct. 31, 2019); *Rozier v. Breckon*, No. 7:19CV00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020) (collecting cases).

Since Jones filed his § 2241 petition in June 2020, both the Ninth Circuit and the Supreme Court have addressed the impact of the *Rehaif* decision on cases like this one where the defendant was convicted of being a felon in possession of a firearm without proof that he knew he was a felon. *See Greer v. United States*, 141 S. Ct. 2090 (2021); *United States v. Door*, 996 F.3d 606 (9th Cir. 2021). In these cases, the courts clarified that an error under *Rehaif* is not a structural error, but rather a "discrete defect in the criminal process," which does not automatically require reversal of the conviction. *See, e.g., Greer,* 141 S. Ct. at 2099-100. To the contrary, to succeed on an appellate claim under *Rehaif,* the defendant must show more than just a plain error; that being, that the Government failed to prove the defendant's knowledge of his felon status. In addition to plain error, the defendant must also make an adequate showing that he would have presented evidence in the district court to establish that he did not know he was a felon, and that the *Rehaif* error affected his "substantial rights"—in other words, that there was a reasonable probability that the outcome of the district court proceeding would have been different if not for the *Rehaif* error. If the defendant satisfies these three elements, the appellate court may grant relief only if it concludes "that the error had a serious effect

9

on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer,* 141 S. Ct. at 2093.

These courts also noted that when a defendant knows that he has been convicted of a crime punishable by a sentence in excess of one year, it is "highly improbable" that the defendant is unaware of his status as a felon. *Door,* 996 F.3d 606, 619 (9th Cir. 2021); *Greer,* 141 S. Ct. at 2097-97 (holding that a history of multiple felony convictions is substantial evidence that the defendant knew he was a felon). Furthermore "if a defendant was in fact a felon, it [would] be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Greer*, 141 S. Ct. at 2097; *also United States v. Johnson*, 979 F.3d 632, 636–39 (9th Cir. 2020), *cert. denied,* No. 20-7194, 2021 WL 2519320 (U.S. June 21, 2021) (holding that uncontroverted evidence that a defendant was convicted of a crime punishable by more than a year would "ordinarily preclude a defendant from satisfying the fourth prong of plain-error review when challenging the district court's failure to require the government to prove that the defendant knew of his status as a convicted felon."). As to Jones, prior to his conviction in the California District Court, he had a lengthy criminal history involving firearms and drugs. He was convicted of two felonies—one of which resulted in a four-year sentence of imprisonment. He also had a prior conviction for being a felon in possession of a firearm. (ECF No. 7 at 15-18). Consequently, had Jones been in a position to raise the *Rehaif* error on appeal or in a § 2255 motion, it is unlikely that his challenge would have been successful.

While these decisions do not directly address the criteria of *In re Jones,* they are offered to show that the possession of a firearm by a felon continues to be criminal

conduct under federal law. To make an additional point, the cases establish that the burden placed on a defendant raising a *Rehaif* challenge is heavy. Accordingly, the undersigned **FINDS** that the savings clause of § 2255 does not provide Jones with a remedy under § 2241.

Given that Jones's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Here, Jones cannot meet the gatekeeping provisions of § 2255, because he cannot demonstrate a new rule of constitutional law. Therefore, the undersigned **FINDS** that the interest of justice would not be served in construing the petition as a motion under § 2255 and transferring it to the Sentencing Court. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

## IV.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Jones's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF No. 7), be **GRANTED**;  and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:**  August 30, 2021

Cheryl A. Eifert
United States Magistrate Judge