```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

MARCUS L. JONES,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:20-00426

WARDEN C. MARUKA,
FCI McDowell,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation ("PF&R") on August 30, 2021, in which she recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241, grant defendant's request for dismissal, dismiss this matter with prejudice, and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the applicable time period. Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241, **GRANTS** defendant's request for dismissal, **DISMISSES** this matter without prejudice, and directs the Clerk to remove this case from the court's active docket.[*]

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,

---

[*] The court declines to adopt the PF&R's recommendation to dismiss this action with prejudice and instead dismisses this action without prejudice for lack of jurisdiction. See Buey v. Warden, FCI McDowell, No. 20-7483, 2021 WL 753610, at *1 (4th Cir. Feb. 26, 2021) (modifying dismissal order to reflect a dismissal without prejudice for lack of jurisdiction); see also United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) ("[T]he savings clause is a jurisdictional provision.").

683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 10th day of April, 2023.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge